UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROSE GARY                                          CIVIL ACTION NO. 22-cv-943

VERSUS                                             JUDGE DONALD E. WALTER

ALLSTATE VEHICLE & PROPERTY                        MAGISTRATE JUDGE HORNSBY
INSURANCE CO

**MEMORANDUM ORDER**

Rose Gary ("Plaintiff") filed this civil action based on an assertion of diversity jurisdiction, which places the burden on her to allege specific facts that demonstrate a basis for complete diversity of citizenship and an amount in controversy in excess of $75,000. Plaintiff properly alleges that she is domiciled in Louisiana, and thus a citizen of this state, and that the amount in controversy exceeds $75,000. Her complaint is lacking, however, with respect to the citizenship of defendant Allstate Vehicle and Property Insurance Company. The complaint describes Allstate as a foreign insurance company authorized to do business in Louisiana.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires

strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). If Allstate is an unincorporated association, then the rules regarding its citizenship can be found in cases such as Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008) and Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Plaintiff may not currently possess the facts needed to allege the citizenship of Allstate, so the court will not set a deadline at this time. When counsel for Allstate becomes engaged in the case, they are directed to ensure that the necessary citizenship information is placed in the record. This may be accomplished by including the information in the answer or by providing the information to Plaintiff so that it may be asserted in an amended complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of April, 2022.

Mark L. Hornsby
U.S. Magistrate Judge